IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| PERLE C. GOODWIN, | : | No.  3:CV-05-781 |
| | : | |
| Plaintiff | : | (Judge Jones) |
| | : | |
| v. | : | (Magistrate Judge Mannion) |
| | : | |
| STEVEN MOYER, et al., | : | |
| | : | |
| Defendants. | : | |

**MEMORANDUM AND ORDER**

**March 29, 2006**

**THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:**

Plaintiff Perle C. Goodwin ("Plaintiff" or "Goodwin") commenced this civil

rights action pursuant to 42 U.S.C. § 1983 on April 18, 2005, by filing a complaint

against Defendants Steven Moyer, superintendent of the Tunkhannock Area School

District ("School District"), Karen Delancey, director of transportation of the

School District, Tunkhannock Area Board of Directors ("Board of Directors"), and

Husband, the owner and operator of Forward Transportation/Husband's Trucking

(collectively "Defendants").  (Rec. Doc. 1).

This case was referred to United States Magistrate Judge Malachy E.

Mannion for preliminary review.  On March 2, 2006, the Magistrate Judge prepared

1

a report wherein he recommended that: Defendant Husband's Motion to Dismiss

(doc. 26) be granted with respect to count one, Plaintiff's counts two through six

be dismissed against Defendant Husband for lack of jurisdiction; Defendants

Moyer's, Delancey's, and Board of Directors' Motion to Dismiss (doc. 9) be

granted with respect to Plaintiff's substantive due process and invasion of privacy

claims in count one; Defendants Moyer's, Delancey's, and Board of Directors'

Motion to Dismiss be denied regarding Plaintiff's procedural due process claim in

count one; and their Motion be granted with respect to Plaintiff's counts two

through six.

On March 20, 2006, Defendants Moyer, Delancey, and Board of Directors

filed objections to the Magistrate Judge's report and on March 21, 2006, Plaintiff

filed objections to the report.  The resolution of such objections will form the basis

of this narrative.

**<u>PROCEDURAL HISTORY</u>:**

On April 18, 2005, Plaintiff filed a complaint in this Court pursuant to 42

U.S.C. § 1983, in which he alleges that Defendants, in their individual and official

capacities, separately and in concert invaded his privacy in violation of the Fourth

Amendment and deprived him of substantive and procedural due process of law in

violation of the Fourteenth Amendment.  Additionally, Plaintiff alleges that

2

Defendants are liable for conspiracy, intentional infliction of emotional distress,

interference with a contractual relationship, wrongful discharge, and invasion of

privacy in violation of Pennsylvania law.  On May 16, 2005, Plaintiff amended his

complaint against all Defendants, which reiterates the claims, legal arguments, and

seeks the same relief as the original complaint, but makes three factual changes.

(See Rec. Docs. 1, 7).

Defendants Moyer, Delancey, and Board of Directors filed a Motion to

Dismiss Plaintiff's amended complaint on June 20, 2005, which has been fully

briefed.  As Defendant Husband, acting pro se, failed to respond to the complaint,

the Court entered default against him on October 7, 2005; however, on November

8, 2005, the Magistrate Judge set aside the entry of default.  (Rec. Docs, 20, 25).

Defendant Husband subsequently filed a Motion to Dismiss Plaintiff's amended

complaint on November 18, 2005, which has been briefed by the parties.  The

Motions are therefore ripe for disposition.

## FACTUAL BACKGROUND:

Plaintiff alleges that Defendants are liable in their individual and official

capacities for violating his civil rights under the United States Constitution and

Pennsylvania law because they invaded his privacy by installing a video camera on

Plaintiff's school bus and deprived him of substantive and procedural due process

of law by circumscribing and then terminating his employment as a bus driver without a hearing.  As the Magistrate Judge accurately submits, Plaintiff's theory of liability is premised upon the following facts he submits, which the Court must accept as true at this juncture, for the purpose of considering Motions to Dismiss.

Plaintiff was employed as a school bus driver by Defendant Husband's company, Forward Transportation/Husband's Trucking, which contracted with the School District to provide school bus service.  Plaintiff's school bus was equipped with a video camera, which Defendants allegedly installed "individually, jointly and severally" and "with the knowledge, concurrence and approval of the individual defendants."  (Rec. Doc. 7).  On June 6, 2003, Plaintiff drove bus number 20 and Defendant Husband was on the bus to show Plaintiff the route because he had not previously driven that route.  After delivering the children on that date, Plaintiff received a letter from Defendant Delancey informing him that "he had let a little girl walk from the mini-mart on Route 292 to her home in a trailer park."  Id. Defendants Moyer and Delancey met with Plaintiff concerning the incident. Defendant Delancey sent Plaintiff a letter informing him that he was authorized only to drive bus number 48 and "the late run two times a week."  On June 10, 2003, Defendant Delancey sent Plaintiff a letter informing him that, after discussing the issue with Defendant Moyer, he was not approved to be a full-time driver for the

2003-2004 school year.  In addition, if Plaintiff were ever to be used as a substitute

bus driver, the School District administration would first have to approve the use.

On or about November 3, 2004, Plaintiff requested a hearing concerning his

employment before the Board of Directors; however, he received no response.

Plaintiff contends that the School Code mandates a hearing before a bus driver can

be dismissed or terminated.  This refers to the Public School Code, 24 P.S. § 5-

514, which provides the following:

> The board of school directors in any school district . . . shall after due
> notice, giving the reasons therefor, and after hearing if demanded, have
> the right at any time to remove any of its officers, employees, or
> appointees for incompetency, intemperance, neglect of duty, violation
> of any of the school laws of this Commonwealth, or other improper
> conduct.

Plaintiff contends that he was an appointee of the School District and accordingly

entitled to due process under the Public School Code.

Plaintiff's amended complaint consists of six counts against Defendants: 42

U.S.C. § 1983, conspiracy, intentional infliction of emotional distress, interference

with a contractual relationship, wrongful discharge, and invasion of privacy.  On

each count, Plaintiff seeks relief against Defendants "individually, jointly and

severally" in the form of compensatory and punitive damages in excess of eighty

thousand dollars.

**STANDARD OF REVIEW**:

In considering a motion to dismiss, a court must accept the veracity of a plaintiff's allegations.  Scheuer v. Rhodes, 416 U.S. 232, 236 (1974); White v. Napoleon, 897 F.2d 103, 106 (3d Cir. 1990).  In Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996), our Court of Appeals for the Third Circuit explained that when considering a motion to dismiss based upon a failure to state a claim argument, a court should "not inquire whether the plaintiffs will ultimately prevail, only whether they are entitled to offer evidence to support their claims."  Additionally, "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see District Council 47 v. Bradley, 795 F.2d 310, 313 (3d Cir. 1986).

When objections are filed to a report of a magistrate judge, we make a *de novo* determination of those portions of the report or specified proposed findings or recommendations made by the magistrate judge to which there are objections. See United States v. Raddatz, 447 U.S. 667 (1980); see also 28 U.S.C. § 636(b)(1); Local Rule 72.3l.  Furthermore, district judges have wide discretion as to how they treat recommendations of a magistrate judge.  See id.  Indeed, in providing for a *de novo* review determination rather than a *de novo* hearing, Congress intended to

permit whatever reliance a district judge, in the exercise of sound discretion,

chooses to place on a magistrate judge's proposed findings and recommendations.

See id.; see also Mathews v. Weber, 423 U.S. 261, 275 (1976); Goney v. Clark,

749 F.2d 5, 7 (3d Cir. 1984).

## DISCUSSION:

As the Magistrate Judge submitted, in order for a plaintiff to prevail under 42

U.S.C. § 1983, he must establish two elements: (1) that the conduct complained of

was committed by a person acting under color of state law; and (2) that the

conduct deprived a person of rights, privileges, or immunities secured by the

Constitution or laws of the United States.  Kost v. Kozakiewicz, 1 F.3d 176, 184

(3d Cir. 1993) (citing Parratt v. Taylor, 451 U.S. 527, 534 (1981), overruled in part

on other grounds by Daniels v. Williams, 474 U.S. 327 (1986)).  Additionally,

liability under § 1983 is personal in nature and can only follow personal involvement

in the alleged wrongful conduct shown through specific allegations of personal

direction or actual knowledge and acquiescence.  Robinson v. City of Pittsburgh,

120 F.3d 1286 (3d Cir. 1997) (citing Rhode v. Dellarciprete, 845 F.2d 1195, 1207

(3d Cir. 1988)).

We initially note that Plaintiff does not appear to object to the Magistrate

Judge's conclusion that Defendant Husband is a private party who did not act

7

under color of law pursuant to § 1983. Regardless, we agree with the Magistrate Judge's conclusion that Defendant Husband is a private party who did not act under color of law because applicable case law instructs that a contractor who contracts with a school district to provide bus service is not a state actor. See Rendell-Baker v. Kohn, 457 U.S. 830, 840-41 (1982) ("Acts of such private contracts [as those "who built roads, bridges, dams, ships, or submarines for the government"] do not become acts of the government by reason of their significant or even total engagement in performing public contracts."); Black v. Indiana Area Sch. Dist., 985 F.2d 707, 710 (3d Cir. 1993) (A school bus contractor "and its employees are not state actors simply because they are carrying out a state sponsored program and the contractor is being compensated therefor by the state."). Moreover, although a contractor may be liable if it is performing a function that is "traditionally the exclusive prerogative of the State," Rendell-Baker, 457 U.S. at 842 (quoting Jackson v. Metro. Edison Co., 419 U.S. 345, 353 (1974)), a contractor for school bus services does not perform an activity that is "traditionally the exclusive prerogative of the State" and is accordingly not a state actor liable under § 1983. Black, 985 F.2d at 710-11. We are therefore in agreement with the Magistrate Judge's conclusion that Defendant Husband is a private party who did not act under color of state law such that he cannot be held

liable under § 1983.[1]

In his objections, Plaintiff initially argues "it is clear" that Defendant Husband conspired with Defendants Delancey and Moyer to place a video camera on board a bus unbeknownst to Plaintiff who was driving the bus for the first time. "Subsequently, the specific factual allegations of combination, agreement or understanding among all or between any of the Defendants to plot, plan or to conspire to carry out the alleged chain of events took place contrary to the factual conclusion of the Magistrate Judge."  (Rec. Doc. 34 at 1-2).  Plaintiff asserts that he has alleged a common law civil conspiracy that meets the requirements of Pennsylvania law.

After a careful review of the record in this case it appears that count two of Plaintiff's amended complaint as against Defendant Husband, which consists of two paragraphs in support of Plaintiff's "conspiracy" cause of action, was incorrectly construed by the learned Magistrate Judge to be a § 1983 conspiracy claim.  Plaintiff stated in his amended complaint and in further submissions to this

_____

[1] We agree with the Magistrate Judge that as there is no longer a basis for original, federal question jurisdiction against Defendant Husband, pursuant to 28 U.S.C. § 1367(c)(3) there is no jurisdictional basis for the pendent state law claims asserted in counts two through six of Plaintiff's amended complaint as against Defendant Husband.  That having been said, for the sake of clarity, we will address Plaintiff's conspiracy claim, count two of his amended complaint, as he asserts in his objections that the Magistrate Judge did not properly interpret that count of his amended complaint.

Court that he was alleging a common law civil conspiracy claim against

Defendants.[2]  (Rec. Doc. 7 at ¶ 3; Rec. Doc. 34 at 2).  We will accordingly

determine whether Plaintiff has stated a civil conspiracy claim as against Defendant

Husband under Pennsylvania law upon which relief can be granted.

The pleading requirements for civil conspiracy under Pennsylvania law are

not as stringent as those for a § 1983 conspiracy claim.  In Pennsylvania, to state a

cause of action for civil conspiracy, the following elements are required: (1) a

combination of two or more persons acting with a common purpose to do an

unlawful act or to do a lawful act by unlawful means or for an unlawful purpose; (2)

an overt act done in pursuance of the common purpose; and (3) actual legal

damage.  Levin v. Upper Makefield Twp., 90 Fed. Appx. 653, 667 (3d Cir. 2004);

see also Smith v. Wagner, 588 A.2d 1308, 1311-12 (Pa. Super. Ct. 1991).  In

addition, a plaintiff must adduce that the alleged conspirators acted with malice, i.e.,

with intent to injure the plaintiff, and that the unlawful intent was unjustified.

Corrigan v. Methodist Hosp., 853 F. Supp. 832, 837 (E.D. Pa. 1994).  "[I]f a

plaintiff is unable to allege facts that are direct evidence of the combination and its

intent, he must in order to comply with Rule 1019(a) allege facts that, if proved, will

---

[2] As Plaintiff asserts in his objections that he cannot raise a 42 U.S.C. § 1985 claim "since he does not belong to a protected category of an individual who has been mistreated," we need not address § 1985 conspiracy claims.  (Rec. Doc. 34 at 2).

support an inference of the combination and its intent." Smith, 588 A.2d at 1312.

Moreover, as the Third Circuit Court of Appeals has instructed:

> [T]he established rule is that a cause of action for civil conspiracy
> requires a separate underlying tort as a predicate for liability.  Thus,
> one cannot sue a group of defendants for conspiring to engage in
> conduct that would not be actionable against an individual defendant.
> Instead, actionable civil conspiracy must be based on an existing
> independent wrong or tort that would constitute a valid cause of action
> if committed by one actor.

Levin, 90 Fed. Appx. at 667.

In his amended complaint, as the Magistrate Judge points out, Defendant

Husband is only mentioned three times in Plaintiff's factual allegations.  Plaintiff

generally alludes to Defendant Husband's involvement in a conspiracy with the

other Defendants in stating that, "The Defendants individually, jointly and severally

placed a video camera on board the Plaintiff's bus with the knowledge,

concurrence and approval of the individual Defendants."  (Rec. Doc. 7 at ¶ 14).

Plaintiff's conspiracy count consists of two paragraphs that refer to Defendants

"individually, jointly and severally" conspiring and meeting "with one another at

various and sundry times to discuss the charges and claims that were going to be

made against the Plaintiff in an effort to have him be terminated," and that in

furtherance of such plans, Defendants "reviewed and discussed the efforts in which

they would become involved in order to establish false charges against the Plaintiff

which would result in his ultimate termination[.]" <u>Id.</u> at ¶¶ 24-25.

Even assuming <u>arguendo</u> that the placement of the video camera on the school bus unbeknownst to Plaintiff is an overt act done in pursuant of the common purpose, the second element necessary to state a civil conspiracy claim, we do not find that Plaintiff has stated a civil conspiracy claim upon which relief can be granted.  Taking all of Plaintiff's allegations in the amended complaint as true, as we must as this juncture, Plaintiff has not sufficiently alleged that Defendants "acted with a common purpose to do an unlawful act or to do a lawful act by unlawful means or for an unlawful purpose," which is the first required element to state a civil conspiracy claim.  Plaintiff's only apparent allegation in that regard concerns Defendants meeting at "various and sundry" times to discuss the charges and claims that were going to be made against Plaintiff in an effort to have him terminated.  Plaintiff's allegations indicate that Defendants allegedly conspired to commit an otherwise lawful act, the termination of an employee, by unlawful means, without a hearing; however, Plaintiff has failed to adduce that there was any combination or agreement by Defendants with the intent to commit that act by unlawful means.  While Defendants may have been operating in violation of the law to the extent that they terminated Plaintiff without a hearing, we are presented with no evidence that Defendants either recognized such at the time, or more

importantly, that they conspired to commit that act by unlawful means.  Moreover,

while we are cognizant that it is not necessary for Plaintiff to specifically aver the

time, place or date for a conspiratorial meeting or the precise date on which the

conspiracy was entered, Plaintiff must nonetheless allege facts that either "are direct

evidence of the combination and its intent" or that "support an inference of the

combination and its intent."  Smith, 588 A.2d 1312.  A careful review of Plaintiff's

amended complaint reveals that he has failed to state a civil conspiracy claim upon

which relief can be granted as against Defendant Husband.[3]

Having dismissed all counts of the amended complaint as against Defendant

Husband, we will now address Plaintiff's due process claims against Defendants

Moyer, Delancey, and the Board of Directors.

First, Defendants Moyer, Delancey, and Board of Directors object to the

portion of Magistrate Judge Mannion's report that denies their Motion to Dismiss

---

[3] As parts of the same civil conspiracy analysis apply to Plaintiff's civil conspiracy claim as against Defendants Moyer, Delancey, and Board of Directors, we need not repeat them in their entirety at this juncture.  With regard to Plaintiff's civil conspiracy claim against Defendants Moyer, Delancey, and Board of Directors, we note that Plaintiff has likewise failed to state a conspiracy claim upon which relief can be granted.  From Plaintiff's allegations, only Defendants Moyer and Delancey are implicated in his termination and nothing indicates that they conspired with anyone else or each other so as to violate the law.  In addition, Plaintiff has not alleged that Defendants acted with an unjustified intent to harm him.  In fact, Plaintiff's allegations reveal that Defendants Moyer and Delancey may have been justified in discharging Plaintiff because he improperly dropped off a little girl from the school bus. Accordingly, Plaintiff has failed to state a civil conspiracy claim as against Defendants Moyer, Delancey, and Board of Directors upon which relief can be granted.

13

Plaintiff's procedural due process claim.  In the report, the Magistrate Judge

concluded that the facts alleged by Plaintiff are insufficient at this stage to determine

whether Plaintiff was employed by the School District or by Defendant Husband as

an independent contractor.  (Rep. & Rec. at 14-15).  "The plaintiff admits he

worked for defendant Husband but contends he nonetheless qualifies as an

employee of the School District.  This is a material issue of fact that cannot be

resolved at this stage of the action on the facts supplied by the plaintiff."  Id.

The Third Circuit has stated that when a plaintiff sues under 42 U.S.C. §

1983 for a state actor's failure to provide procedural due process, a court employs

a "two-stage analysis" inquiring (1) whether the asserted individual interests are

encompassed within the Fourteenth Amendment's protections of life, liberty or

property; and (2) whether the procedures available provided the plaintiff with due

process of law.  Alvin v. Suzuki, 227 F.3d 107, 116 (3d Cir. 2000).

Plaintiff argues that on or about November 3, 2004, he requested a hearing

concerning his employment before the Board of Directors; however, Plaintiff

received no response.  Plaintiff contends that the School Code mandates a hearing

"before a bus driver can be dismissed or terminated" and refers to the Public

School Code, 24 P.S. § 5-514, which, as noted, provides the following:

> The board of school directors in any school district . . . shall after due

14

> notice, giving the reasons therefor, and after hearing if demanded, have the right at any time to remove any of its officers, employees, or appointees for incompetency, intemperance, neglect of duty, violation of any of the school laws of this Commonwealth, or other improper conduct.

Plaintiff contends that as an appointee of the School District, he was entitled to due process under the Public School Code.

Initially, we note that Defendants Moyer, Delancey, and Board of Directors acted under color of state law by virtue of their positions under the Public School Code. See 24 P.S. § 3-301 & 10-1071 (2005). We agree with the Magistrate Judge that in ascertaining whether Plaintiff has stated a procedural due process claim upon which relief can be granted, a determinative issue is whether Plaintiff was an employee of the School District or employed by Defendant Husband as an independent contractor. In determining whether Plaintiff has a property interest in employment with the School District, state law governs. Bd. of Regents v. Roth, 408 U.S. 564, 577 (1972). Under Pennsylvania law, if Plaintiff was an employee of the School District, then 24 P.S. § 5-514 provides him with a property interest. See Lewis v. Sch. Dist. of Philadelphia, 690 A.2d 814, 817 (Pa. Commw. Ct. 1997); see also Werner v. Zazyczny, 680 A.2d 1331, 1336 (Pa. 1996) ("A governmental employee only has a . . . property right in his employment where he can establish a legitimate expectation of continued employment through . . . a statute.").

15

In their objections, Defendants argue that Plaintiff does not suggest that he was an employee of the School District and instead asserts that he was an appointee of the School District, which would entitle him to no property interest and hence no procedural due process claim.  See Knox v. Bd. of Sch. Dir. Of Susquenita Sch. Dist., 888 A.2d 640, 651-54 (2005) (citing Buell v. Union Township Sch. Dist., 150 A.2d 852 (Pa. 1959) (The Pennsylvania Supreme Court has invalidated the provision concerning appointees to the extent that 24 P.S. § 5-514 conflicts with the Pennsylvania Constitution, art. VI, § 7.)).  While we acknowledge that Plaintiff has asserted he was an appointee of the School District, we find that it is not possible to accurately discern at this early stage of the case, whether Plaintiff's allegations in his amended complaint, taken as true, indicate that he was an employee of the School District or employed by Defendant Husband as an independent contractor.  Accordingly, in the exercise of caution and construing all pleadings so as to do substantial justice pursuant to Federal Rule 8(f), we agree with the Magistrate Judge that the Motion to Dismiss filed by Defendants Moyer, Delancey, and Board of Directors is denied with respect to Plaintiff's procedural due process claim.  Defendants, of course, reserve the right to re-assert their argument that Plaintiff has not stated a procedural due process claim at a later juncture in the case sub judice.

16

Second, Plaintiff argues in his objections that the Magistrate Judge erred in dismissing his substantive due process claim.  Plaintiff contends that the Magistrate Judge incorrectly stated that the only fundamental property interest recognized in the Third Circuit is ownership of real property and goes on to state that the question of whether Plaintiff's termination was for cause is a fact question for a jury.  (Rec. Doc. 34 at 2-3).

To state a claim for a deprivation of substantive due process, a plaintiff must make three showings based upon the Fourteenth Amendment.  First, the defendant must have acted under color of state law at the time the alleged deprivation occurred.  Second, the plaintiff must show the existence of a protected interest in life, liberty, or property that has been interfered with by the state defendant.  The protected interest, in contrast to procedural due process, must be fundamental, it must be derived from the Constitution and its historical purposes and not from other sources of law, such as state law.  Nicholas v. Pennsylvania State Univ., 227 F.3d 133, 140-41 (3d Cir. 2000) (citing Regents of Univ. of Michigan v. Ewing, 474 U.S. 214, 229-30 (1985)).  The third factor is that the defendant's action must shock the conscience.  "[O]nly the most egregious official conduct can be said to be arbitrary in the constitutional sense."  County of Sacramento v. Lewis, 523 U.S. 833, 846 (1998)(internal citation omitted); United Artists Theatre Circuit, Inc. v.

Township of Warrington, 316 F.3d 392, 399-400 (3d Cir. 2003).

With regard to the first factor, as previously noted, Defendants Moyer, Delancey, and Board of Directors acted under color of state law by virtue of their positions under the Public School Code.  See 24 P.S. §§ 3-310 & 10-1071 (2005). Although Plaintiff argues in his objections that "the School District representatives in connivance with Mr. Husband have arbitrarily and oppressively exercised its power to the detriment of the Plaintiff's fundamental interest in life, to wit a property right," we disagree, for the reasons that follow.

The Third Circuit has only recognized substantive due process property deprivations in cases involving ownership of real property and has held that public employment is not a fundamental property interest entitled to substantive due process protection.  See Nicolas, 227 F.3d at 140-41.  Contrary to Plaintiff's assertions, his allegedly infringed interest is one of employment, which is not a cognizable fundamental interest under substantive due process in the Third Circuit.

Even assuming arguendo that Plaintiff demonstrated a fundamental protected interest, we agree with the Magistrate Judge that Plaintiff's allegations in his amended complaint do not establish that the behavior of Defendants Moyer, Delancey, and Board of Directors shocked the conscience, which is necessary to establish in a substantive due process claim.  The refusal to employ Plaintiff

18

subsequent due to his failure to properly drop off a student is not "the most egregious official conduct [that] can be said to be arbitrary in the constitutional sense." See Lewis, 523 U.S. at 846.  Moreover, such conduct does not violate the decencies of civilized conduct.  Id. at 846-47.

As Plaintiff has failed to demonstrate that Defendants Moyer, Delancey, and Board of Directors have interfered with one of his constitutionally protected fundamental property interests, their Motion to Dismiss is granted with respect to Plaintiff's substantive due process claim.[4]

In his objections, Plaintiff asserts that the Magistrate Judge improperly dismissed his invasion of privacy claim using a balancing test of reasonableness. Plaintiff cites to Wilcher v. City of Wilmington, 139 F.3d 366 (3d Cir. 1998), a Third Circuit Court of Appeals case, and appears to argue that factual determinations which should have been left to a jury were erroneously decided by the Magistrate Judge in his report.  We disagree with Plaintiff and are in agreement with the Magistrate Judge that Plaintiff has failed to state a claim for invasion of

---

[4] We note that Plaintiff cites to the Unger v. Nat'l Residents Matching Program, 928 F.2d 1392 (3d Cir. 1991), case in support of his assertion that a property interest may arise where a state entity can terminate employment only for cause.  In Unger, the Third Circuit Court of Appeals instructed that it is beyond dispute that a contract with a state entity can give rise to a property right protected under the Fourteenth Amendment.  Id. at 1397.  In this case, however, as we previously explained, Plaintiff has not alleged the existence of a contract with Defendants.  Unger is accordingly distinguishable on its face from the above-captioned case.

privacy, for the reasons that follow.

The Fourth Amendment provides that "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated . . ." U.S. Const. amend. IV.  "The Amendment guarantees the privacy, dignity, and security of persons against certain arbitrary and invasive acts by officers of the Government or those acting at their direction. Skinner v. Railway Labor Executives' Ass'n, 489 U.S. 602, 613-14 (1989) (citing Camara v. Mun. Ct. of San Francisco, 387 U.S. 523, 528 (1967)).  As the Magistrate Judge notes, generally the Fourth Amendment is implicated in law enforcement searches for which a warrant issued subsequent to individualized suspicion that reaches the level of probable cause is required.  Nat'l Treasury Employees Union v. Von Raab, 489 U.S. 656, 665 (1989).  However, there are occasions "where a Fourth Amendment intrusion serves special government needs, beyond the normal need for law enforcement."  Id. at 665-66.  On those occasions, the Supreme Court has instructed that it is necessary to balance the individual's privacy expectations against the Government's interests to determine whether it is impractical to require a warrant or some level of individualized suspicion in the particular context.  Id.

As the Magistrate Judge aptly stated, the crux of this balancing test is

reasonableness.  <u>Wilcher v. City of Wilmington</u>, 139 F.3d 366, 373-74 (3d Cir.

1998).  Applicable precedents instruct us to consider the following three factors in

judging reasonableness: (1) whether the plaintiff's privacy interest is objectively

legitimate as recognized by society; (2) the nature and extent of the intrusion; and

(3) whether the government has a compelling interest in intruding upon the

plaintiff's privacy.  <u>Id.</u> at 374-78 (citing <u>Vernonia Sch. Dist. 47J v. Acton</u>, 515 U.S.

646 (1995)).  The third factor is not considered under the compelling interest

standard used in other areas of constitutional law; instead, "the phrase describes an

interest which appears important enough to justify the particular search at hand, in

light of other factors which show the search to be relatively intrusive upon a

genuine expectation of privacy."  <u>Id.</u> at 377.

Under the reasonableness test, we agree with the Magistrate Judge that

Plaintiff's allegations in the amended complaint fail to state a claim for invasion of

privacy in violation of the Fourth Amendment.[5]  As a school bus driver, Plaintiff

enjoyed a diminished expectation of privacy.  Plaintiff drove children, for whom

---

[5] We do not find Plaintiff's sole argument relating to his invasion of privacy claim, specifically that factual determinations which should have been left to a jury were erroneously decided by the Magistrate Judge, to be availing under the circumstances.  In <u>Wilcher v. City of Wilmington</u>, 139 F.3d 366 (3d Cir. 1998), the case to which Plaintiff cites, the Third Circuit Court of Appeals stated that the reasonableness of a search is a legal question.  Moreover, Plaintiff does not direct the Court to case law in support of his proposition that the balancing test of reasonableness solely involves factual determinations which should be left to a jury.

society has a special interest to protect from any misdeeds by the bus driver and from whose misdeeds society likewise has a special interest to protect the bus driver.  In addition, we find an onboard video camera to be an insignificant intrusion upon Plaintiff's privacy.  Plaintiff was not located in a private area; he was in a public conveyance surrounded by others and in view of the public through the bus's windows.  Moreover, the video camera captures the entire activity of the bus as it shuttles children to and from school, it does not capture Plaintiff engaged in acts of a private nature.  Finally, the government has a compelling interest in protecting children entrusted to it, as well as in protecting the bus driver from the children.  Accordingly, Plaintiff has not suffered an unreasonable deprivation of his Fourth Amendment right to privacy.

We will now move to Plaintiff's state law claims asserted against Defendants Moyer, Delancey, and Board of Directors.  First, with regard to Plaintiff's state law invasion of privacy claim, we agree with the Magistrate Judge that Plaintiff has failed to bring his state law invasion of privacy claim within the appropriate statute of limitations for such a claim.  A state claim for invasion of privacy is subject to a one year statute of limitations.  42 Pa. Cons. Stat. § 5523(1).  In his amended complaint, Plaintiff alleges that Defendants breached his confidentiality and invaded his privacy by secretly videotaping the operation of the bus.  In paragraph 14 of his

22

amended complaint, Plaintiff states "the defendants individually, jointly and severally placed a video camera on board the Plaintiff's bus with the knowledge, concurrence and approval of the individual defendants." (Rec. Doc. 7 at ¶ 14). Plaintiff is presumably referring to a time period on or before June 6, 2003, the date he was driving bus number 20 for Defendant Husband, as he indicates that the secret videotaping resulted in disciplinary action, which occurred by letter dated June 10, 2003. Plaintiff did not file his complaint in this Court until April 18, 2005, which is clearly more than one year after the statute of limitations for invasion of privacy claims expired. Accordingly, we are in agreement with the Magistrate Judge that Plaintiff failed to bring his invasion of privacy claim within the applicable statute of limitations period.

Even assuming _arguendo_ that the statute of limitations has not expired on Plaintiff's invasion of privacy claim, Plaintiff has failed to state an invasion of privacy claim upon which relief can be granted. As the Third Circuit Court of Appeals instructed, Pennsylvania recognizes the tort of invasion of privacy based on an intrusion upon a plaintiff's seclusion. Kline v. Sec. Guards, Inc., 386 F.3d 246, 259-60 (3d Cir. 2004). "The Pennsylvania courts have defined this claim, in accordance with the Restatement (Second) of Torts § 652B (1977), as follows: 'One who intentionally intrudes, physically or otherwise, upon the solitude or

seclusion of another or his private affairs or concerns, is subject to liability to the other for invasion of privacy, if the intrusion would be highly offensive to a reasonable person.'" Id. at 260 (quoting Restatement (Second) of Torts § 652B (1977)).  In addition, as aptly noted by the Magistrate Judge, our colleague United States District Judge A. Richard Caputo recently explained that the intrusion must have been committed by a person, not merely a "recording device."  Konopka v. Borough of Wyoming, 383 F. Supp. 2d 666, 684 (M.D. Pa. 2005) (citing Marks v. Bell Tel. Co. of Pa., 331 A.2d 424, 430-31 (Pa. 1975)).

Taking all of Plaintiff's allegations in the amended complaint as true, as we must, there was no intrusion upon Plaintiff's seclusion because he, as a bus driver, on a public bus with students and at least one other adult present, did not have a protected privacy interest in his actions.  Additionally, the alleged intrusion was conducted by a recording device, a video camera, and not by a person.  Therefore, even assuming arguendo that the statute of limitations has not expired on Plaintiff's invasion of privacy claim, Plaintiff has failed to state an invasion of privacy claim upon which relief can be granted.

Next, Plaintiff argues in his objections that the Magistrate Judge incorrectly dismissed his intentional interference with a contractual relationship claim.  Plaintiff contends that the Court does not know the facts in this matter or the relationship

between Defendant Husband, Defendants Moyer and Delancey, and the School

District.  "Instead the Court interpreted or presumed what the situation was arguing

instead that the Plaintiff has not mentioned a contract."  (Rec. Doc. 34 at 4).  In

addition, Plaintiff maintains that the Magistrate Judge erred in stating that if a

contract with Defendants Moyer, Delancey , and the Board of Directors existed,

Plaintiff's procedural due process claim would be undermined.

Initially, we note that to state a claim for intentional interference with a

contract, a plaintiff must adduce the following four elements: (1) the existence of

one or more contracts; (2) the purpose or intent to harm plaintiff by preventing the

completion of the contractual relation(s); (3) conduct by defendant which is not

proper as a matter of law and which a factfinder could reasonably find improper;

and (4) harm actually resulting from defendants' actions.  Silver v. Mendel, 894

F.2d 598, 604-5 (3d Cir. 1990), cert. denied sub nom. Mendel v. Silver, 496 U.S.

926 (1990).  In his report, the Magistrate Judge concluded that Plaintiff failed to

adduce requisite elements one, two, and four.

A thorough review of Plaintiff's amended complaint as a whole, which

Plaintiff intimates was not previously done, and the record reveals that Plaintiff has

failed to allege the existence of a contract with either Defendant Husband or

Defendants Moyer, Delancey, and Board of Directors.  Count four of Plaintiff's

amended complaint, interference with a contractual relationship, consists of two

numbered paragraphs and an incorporation by reference of the preceding numbered

paragraphs, none of which address a contract between the relevant parties.  In that

regard, count four states that "Defendants individually, jointly and severally

interfered with the Plaintiff's employment by the Defendant Husband and Paul

Goodwin," and that "As a result of the interference, the Plaintiff has been unable to

work as a bus driver and has lost substantial amounts of money which he has and

will continue to loose for an indefinite period of time into the future."  (Rec. Doc. 7

at ¶¶ 28-29).  We are unable to ascertain how Defendants can interfere with a

contractual right which does not exist.  In addition to the fact that Plaintiff does not

allege that he had a contract, he does not allege that his employment was pursuant

to a clear and definite contract or that his employment was for a definite period of

time.  As the Magistrate Judge explained, without mentioning a contract, Plaintiff

cannot and has not argued that Defendants intended to harm him by interfering with

that contract, which is the second element necessary to state a claim for intentional

interference with a contractual relationship.  Accordingly, we find that Plaintiff has

failed to state an intentional interference with a contractual relationship claim upon

which relief can be granted.[6]

Next, Plaintiff maintains that the Magistrate Judge erred in dismissing his wrongful discharge claim.  Plaintiff's objections in that regard consist of the following: "The wrongful discharge is clearly a violation of public policy since the termination was done in violation of the Pennsylvania School Code which requires a hearing.  Quite clearly, a violation of the law is a violation of public policy." (Rec. Doc. 34 at 5).

After a careful review of Plaintiff's amended complaint and the record, we are in agreement with the Magistrate Judge that Plaintiff has failed to state a claim for wrongful discharge upon which relief can be granted.  We initially note that as the Third Circuit Court of Appeals has explained, Pennsylvania presumes that employment is at will and allows an employee to be "terminated for good reason, bad reason, or no reason at all."  Clark v. Modern Group, Ltd., 9 F.3d 321, 327 (3d Cir. 1993) (citing Nix v. Temple Univ., 596 A.2d 1132, 1135 (Pa. Super. Ct. 1991)).  "In Pennsylvania, there is a very strong presumption of at-will employment relationships and the level of proof required to overcome this presumption is

---

[6] As we have determined that Plaintiff's intentional interference with a contractual relationship claim will be dismissed, we need not address Plaintiff's contention that the Magistrate Judge erred in stating that if a contract existed with Defendants Moyer, Delancey, and Board of Directors, then Plaintiff's procedural due process claim would be undermined.

arduous." Ritter v. Pepsi Cola Operating Co., 785 F. Supp. 61, 63 (M.D. Pa. 1992). "The sine qua non of the presumption is that except in rare instances, discharge will not be reviewed in a judicial forum. The presumption may be overcome by express contract, implied in fact contract . . . and additional consideration passing from the employer." Ritter, 785 F. Supp. at 63-64 (quoting Scott v. Extracorporeal, Inc., 545 A.2d 334, 336 (Pa. Super. Ct. 1988)).

The burden rests with the Plaintiff to prove that he was not an employee at-will because the at-will doctrine is a presumption. Rutherford v. Presbyterian-Univ. Hosp., 612 A.2d 500, 503 (Pa. Super. Ct. 1992). There are two potential exceptions to the at-will doctrine. First, an employee-at-will who is terminated may claim wrongful discharge when his termination is made with a special intent to harm. Ritter, 785 F. Supp. at 63-64. Second, an employee-at-will who is terminated may claim wrongful discharge when his termination is contrary to public policy. Id. at 63; see also Engstrom v. John Nuveen and Co., 668 F. Supp. 953, 958 (E.D. Pa. 1987). Although Plaintiff asserts that his discharge was "clearly a violation of public policy," it is notable that as the Magistrate Judge explained, the public policy exception is very narrow. See, e.g., Burkholder v. Hutchison, 589 A.2d 721, 723 (Pa. Super. Ct. 1991) (the clearly mandated public policy must "strike[ ] at the heart of a citizen's social right, duties and responsibilities"); Yetter v. Ward Trucking

Corp., 585 A.2d 1022, 1025-26 (Pa. Super. Ct. 1991) (exception recognized in

"only the most limited of circumstances"), alloc. denied, 600 A.2d 539 (1991);

Hineline v. Stroudsburg Elec. Supply Co., 559 A.2d 566, 568 (Pa. Super. Ct. 1989)

("The public policy exception is a narrow one."), alloc. denied, 574 A.2d 70

(1989).  Moreover, a plaintiff must adduce a violation of a public policy expressly

recognized under the law.  Murray v. Gencorp., Inc., 979 F. Supp. 1045, 1047

(E.D. Pa. 1997) (citing Yetter, 585 A.2d at 1026).  On the limited occasions it has

been recognized, the exception was most often applied where the employee

complied with or violated the law against the employer's wishes.  Smith v. Calgon

Carbon Corp., 917 F.2d 1338, 1345 (3d Cir. 1990).  Accordingly, the typical case

is one in which the employee's termination is retaliatory and not grounded on a

legitimate reason.

       In this case, taking Plaintiff's allegations in the amended complaint as true, he

has not adduced that he had an employment contract so as to overcome the

presumption that he is an employee at-will.  As Plaintiff is presumed to be an at-will

employee, he could be terminated with or without cause unless it was done

specifically to harm him or violated a clear public policy.  Plaintiff has failed to

allege that Defendants specifically intended to harm him.  Moreover, Plaintiff's bare

assertion that a clear violation of public policy occurred because his termination

was done in violation of the Pennsylvania School Code does not meet the very high

threshold necessary under Pennsylvania law to establish that his termination violated

public policy.  In fact, as noted by the Magistrate Judge, Plaintiff's amended

complaint provides a plausible and legitimate reason for termination; that is,

termination related to his job performance.  Clark, 9 F.3d at 333 ("Under existing

case law, we conclude that Pennsylvania will not allow recovery for wrongful

discharge based only on a showing that an employer faced with ambiguous law was

willing to engage in a course of conduct it wanted to pursue without regard to its

legality.").  This analysis is applicable regardless of whether Plaintiff was employed

by Defendant Husband or Defendants Moyer, Delancey, and Board of Directors.

Therefore, Plaintiff has failed to state a wrongful discharge claim upon which relief

can be granted.

Finally, we need not address Plaintiff's intentional infliction of emotional

distress claim, which the Magistrate Judge recommended be dismissed, as Plaintiff

did not object to that portion of the report.

**NOW, THEREFORE, IT IS ORDERED THAT**:

1. Magistrate Judge Mannion's Report and Recommendation (doc. 32) is

   adopted for the reasons cited herein.

2. Defendant Husband's Motion to Dismiss (doc. 26) is GRANTED

with respect to count one of Plaintiff's amended complaint.

3.     Counts two through six of Plaintiff's amended complaint are

       DISMISSED as against Defendant Husband for lack of jurisdiction.

4.     The Motion to Dismiss (doc. 9) filed by Defendants Moyer, Delancey,

       and Board of Directors is GRANTED with respect to Plaintiff's

       substantive due process claim and invasion of privacy claims in count

       one of the amended complaint.

5.     The Motion to Dismiss (doc. 9) filed by Defendants Moyer, Delancey,

       and Board of Directors is DENIED regarding Plaintiff's procedural

       due process claim in count one.

6.     The Motion to Dismiss (doc. 9) filed by Defendants Moyer, Delancey,

       and Board of Directors is GRANTED with respect to Plaintiff's

       counts two through six of the amended complaint.

7.     The Motion for Default Judgment (doc. 19) filed by Plaintiff is denied

       as moot as the Magistrate Judge set aside the entry of default as

       against Defendant Husband on November 8, 2005.  (See Rec. Doc.

       25).

8.     The Clerk shall remand this matter back to Magistrate Judge Mannion

for further proceedings.

<u>s/ John E. Jones III</u>
John E. Jones III
United States District Judge