IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PERLE C. GOODWIN, | : |
| Plaintiff, | : CIVIL NO. 4:CV-05-781 |
| v. | : (Judge Jones) |
| STEVEN MOYER, et al., | : |
| Defendant. | : |

## MEMORANDUM

February 28, 2007

## THE BACKGROUND OF THIS MEMORANDUM IS AS FOLLOWS:

Pending before this Court is a Motion for Summary Judgment ("the Motion"), filed by Defendants Steven Moyer, Karen Delancey, and the Tunkhannock Area Board of Directors (collectively, "Defendants") on April 20, 2006. (Rec. Doc. 41). On February 5, 2007, the United States Magistrate Judge Malachy E. Mannion issued a report recommending that Defendants' Motion be granted. (Rec. Doc. 61). For the reasons that follow, we will adopt Magistrate Judge Mannion's report in its entirety.

## FACTUAL BACKGROUND/PROCEDURAL HISTORY:

On April 18, 2005, Plaintiff Perle C. Goodwin ("Plaintiff") filed a

1

Complaint in the above-captioned action. (Rec. Doc. 1). An Amended Complaint was filed on May 16, 2005. (Rec. Doc. 7). However, following the March 29, 2006 Order of this Court, the only remaining claim was a 42 U.S.C. § 1983 claim for an alleged deprivation of procedural due process by Defendants Steven Moyer, Karen Delancey, and the Tunkhannock Area Board of Directors. (Rec. Doc. 38).

On April 20, 2006, Defendants filed the instant Motion. (Rec. Doc. 41). On February 5, 2007, the Magistrate Judge issued a report recommending that Defendants' Motion be granted. (Rec. Doc. 61).

Objections to Magistrate Judge Mannion's Report were due on February 23, 2007, and to this date none have been filed. This matter is ripe for disposition.

## STANDARD OF REVIEW:

When no objections are made to a magistrate's report, the district court is not statutorily required to review a magistrate judge's report before accepting it. See Thomas v. Arn, 474 U.S. 140, 149 (1985). According to the Third Circuit, however, "the better practice is to afford some level of review to dispositive legal issues raised by the report." Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir. 1987). When a district court accepts a magistrate judge's report, the report becomes the judgment of the court. Id.

## DISCUSSION:

2

Our review of this case confirms the learned Magistrate Judge's determinations and although we have not been presented with any reason to revisit them, we will briefly reiterate the salient aspects of the Magistrate Judge's report and recommendation.

As the Magistrate Judge explains, Plaintiff, a bus driver for Forward Transportation/Husband's Trucking who drove in the Tunkhannock Area School District ("the District"), filed this federal civil rights action pursuant to 42 U.S.C. § 1983 ("§ 1983"). (Rec. Doc. 7). Plaintiff alleges that his right to procedural due process under the Fourteenth Amendment was violated when Defendants failed to afford Plaintiff the hearing that was required by Pennsylvania law prior to his termination. (Rec. Doc. 61 at 4-5). Plaintiff bases this allegation on his claim that Defendants "were placed on Notice" (doc. 59 at 3) that Plaintiff, who claims to be an employee of the District (doc. 48 at 9), wanted a hearing following receipt of a letter from Karen Delancey indicating that Plaintiff was not approved to be a full-time bus driver for the 2003-2004 school year and that if he were to be used a substitute driver, the District's administration would have to first approve his use.

In the instant Motion, Defendants argue that there is no genuine issue of material fact and that they are entitled to summary judgment as to Plaintiff's only remaining § 1983 claim. (Rec. Doc. 41). In particular, Defendants rely on two

arguments: 1) Plaintiff was not an employee of the District (doc. 43); and 2) even assuming arguendo that Plaintiff was an employee, he never demanded a hearing (doc. 57).

After a careful review of the record, we agree with the Magistrate Judge's conclusion that Plaintiff's § 1983 claim should be dismissed. We so conclude for several reasons.

We initially note that the Public School Code provides, in relevant part:

> The board of school directors in any school district . . . shall after due notice, giving the reasons therefor, and after hearing if demanded, have the right at any time to remove any of its officers, employes [sic], or appointees for incompetency, intemperance, neglect of duty, violation of any of the school laws of this Commonwealth, or other improper conduct . . . .

24 P.S. § 5-514 (emphasis added). As the Magistrate Judge notes, at the time Plaintiff was essentially informed that he would no longer be driving in the District, Plaintiff was not an employee of the District. (Rec. Doc. 60 at 8-16). Rather, Plaintiff was an independent contractor because the control that Plaintiff alleges the District asserted over him is insufficient to render him an employee thereof. See Wilson v. IESI N.Y. Corp., 444 F. Supp. 2d 298, 313 (M.D. Pa. 2006) (quoting Green v. Independent Oil Co., 201 A.2d 207, 210 (Pa. 1964)) (noting that "[i]n ascertaining whether a person is an employee or an independent contractor, the basic inquiry is whether such person is subject to the alleged

employer's control or right to control with respect to his physical conduct in the performance of the services for which he was engaged."). Indeed, we agree that the Magistrate Judge's meticulous analysis of the <u>Hammermill</u> factors, to be considered when determining a person's employment status, accurately found that they weigh in favor of the conclusion that Plaintiff was not an employee of the District because the constraints upon Plaintiff during his employ were imposed by state regulations and the contract governing the provision of drivers to the District by Forward Transportation/Husband's Trucking. <u>See</u> <u>Wilson</u>, 444 F. Supp. 2d at 313 (citing <u>Hammermill Paper Co. v. Rust Engineering Co.</u>, 243 A.2d 389, 392 (Pa. 1968)). Thus, we hold that Defendants are entitled to summary judgment on Plaintiff's procedural due process claim.

However, Defendants are also entitled to summary judgment on Plaintiff's procedural due process claim because we agree with the Magistrate Judge's conclusion that, even assuming <u>arguendo</u> that Plaintiff were an employee of the District, Plaintiff failed to make the demand for hearing required under the Public School Code, 24 P.S. § 5-514, to render the District's failure to provide a hearing a constitutional violation. (Rec. Doc. 61 at 7-8). As it relates to this issue, Plaintiff's September 29, 2004 letter to the District states only that: "Since he [Plaintiff] was not afforded a hearing in this particularly in view [sic] of the fact

that this was not his normal bus and his contractor was riding to show him the route, his Civil Rights have been violated . . . ." (Rec. Doc. 59-2). Thus, we agree with the Magistrate Judge's finding that although "this correspondence would have put the Board on notice that the plaintiff wanted reinstatement with backpay, it would not put the Board on notice that the plaintiff was demanding a hearing." (Rec. Doc. 61 at 8). Accordingly, Defendants are also entitled to summary judgment on Plaintiff's procedural due process claim on these grounds.

Because we agree with Magistrate Judge Mannion's conclusion that summary judgment should be granted with respect to Plaintiff's remaining § 1983 claim, we will adopt the report as our own. The Motion shall be granted.

An appropriate Order shall issue.